**IN THE UNITED SATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**DANIELLE DAILEY**                                                                                  **PLAINTIFF**

**VS.**                                       **NO.  4:04 CV 00483 JMM**

**CITY OF JACKSONVILLE,**
**ARKANSAS**                                                                                              **DEFENDANT**

### ORDER

Pending before the Court is Defendant's Motion for Summary Judgment, the response thereto, and  Defendant's reply.  Plaintiff filed her complaint seeking relief under 42 U.S.C. § 2000 (e-2), Title VII of the Civil Rights Act of 1964, as amended, and 28 U.S.C. §2601 et. seq., the Family and Medical Leave Act (FMLA) claiming that she was discriminated against because of her gender in her opportunity for promotion and in her adverse working conditions, and that Defendant interfered with her leave from work   Defendant moves for summary judgment.  The Court hereby denies Defendant's Motion for Summary Judgment.

### STATEMENT OF FACTS

As alleged in the complaint, Plaintiff is a female detective and has been employed as a police officer by the City of Jacksonville, Arkansas, since January 4, 1999.  Plaintiff took leave from work under FMLA when she delivered her second child by cesarian section, with a date to return to work of August 25, 2003.  On August 20, 2003, while on leave, Plaintiff was contacted by Lieutenant Smiley of the Jacksonville Police Department and informed she had to qualify with her pistol before she returned to work from her maternity leave. *See Defendant's Statement of Uncontested Facts*, p.8, par. 58-59.  The Plaintiff did qualify on the firing range before returning

to work on August 25, 2003.

The Plaintiff was scheduled for a promotional interview for sergeant on August 27, 2003. Plaintiff had scored in the top three (3) for eligibility in the test for promotion. On August 27, 2003, Plaintiff was directed to take the Essential Functions test before her interview for sergeant. *Id.*, at p.2, par. 12. After completing the essential functions test, which includes running an obstacle course, jumping a fence, running up and down stairs, shooting, pulling a 125-pound dummy from a car, and other vigorous activities, Plaintiff was interviewed for the sergeant's position.

A panel of interviewers decided not to promote Plaintiff. Included on the panel was Captain J. J. Martin of the Jacksonville Police Department. According to the affidavits of Brian Keith Henry and Jason Chrisman, Captain Martin had stated sometime in 1998 or 1999 that "real cops don't bleed once a month." *Affidavit of Brian Keith Henry, Exh. I to Plaintiff's Response to Motion for Summary Judgment*. At least one man was not required to either qualify at the range or complete the essential functions test prior to returning to full duty. *Affidavit of Jerry R. Keefer, Exh. K to Plaintiff's Response to Motion for Summary Judgment.*

**STATEMENT OF LAW**

"Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c); *Turner v. Gonzales*, 421 F.3d 688 (8th Cir. 2005), *citing* (*Hesse v. Avis Rent A Car Sys.*, 394 F.3d 624, 629 (8th Cir. 2005)). The initial inquiry is whether there are genuine factual issues that can be properly resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 250(1986).  The burden is on the moving party to show that the record does not disclose a genuine dispute on a material fact.  *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399 (8th Cir. 1995).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues.  *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979).  "Summary judgment should be cautiously granted in discrimination cases because such cases often depend on inferences rather than on direct evidence."  *Bradley v. Widnall*, 232 F.3d 626,630-31 (8th Cir. 2000) (citing *Crawford v. Runyon*, 37 F.3d 1338,1341 (8th Cir. 1994).  See also *Breeding v. Arthur J. Gallagher & Co.*, 164 F.3d 1151 (8th Cir. 1999).  However, "there is no "discrimination case exception" to the application of Fed. R. Civ. P. 56, and it remains a useful pretrial tool to determine whether or not any case, including one alleging discrimination, merits a trial."  *Berg v. Norand Corp.*, 169 F.3d 1140, 1144 (8th Cir. 1999).

In a claim based upon discrimination, if the Plaintiff cannot show direct evidence of discrimination, that is 'evidence showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action', then an inference of discrimination must be shown. *Turner*, 421 F.3d at 694.  To establish an inference of discrimination under the burden-shifting analysis, the elements of a *prima facie* discrimination claim for failure to promote are: 1) the employee belonged to a protected class; 2) she sought a promotion; 3) she was qualified for the promotion; and 4) the promotion was given to another person who is not a member of the protected class.  *Turner v. Honeywell Federal Mgf. & technologies, LLC*, 336 F.3d 716 (8th Cir. 2003).

Once the *prima facie* case of discrimination has been met, the burden of production shifts to the defendant to show that it had a legitimate, nondiscriminatory reason for its actions. *Shannon v. Ford Motor Co.*, 72 F.3d 678, 682 (8th Cir. 1996., [citing *Sprenger v. Fed. Home Loan Bank of Des Moines*, 253 F.3d 1106, 111 (8th Cir. 2001)(citing *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507, 113 S.Ct. 2742, 125 L.Ed. 2d 407 (1993))]. If this burden is met, the presumption of discrimination disappears, requiring the plaintiff to prove that the proffered justification is merely a pretext for discrimination. *Id*. The burden of persuasion remains with the plaintiff. *St. Mary's*, 509 U.S. at 507.

The Family and Medical Leave Act is codified at 29 U.S.C.A. §2601 and states in pertinent part as follows:

> Subject to section 2613 of this title, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following: (A) because of the birth of a son or daughter of the employee and in order to care for such son or daughter... (D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.
> 29 USC §2612 (a)(1) (A)
>
>     \*    \*    \*
>
> As a condition of restoration under paragraph (1) for an employee who has taken leave under section 2612(a)(1)(D) of this title, the employer may have a uniformly applied practice or policy that requires each such employee to receive certification from the health care provider of the employee that the employee is able to resume work, except that nothing in this paragraph shall supersede a valid State or local law or a collective bargaining agreement that governs the return to work of such employees.
> 29 USC §2614(a)(4)

## ANALYSIS

Plaintiff claims that the derogatory remarks made by one of the interview panelists provides direct evidence of discrimination. This Court agrees. Further, even if the remarks do not constitute direct evidence, they cast doubt on the defendant's nondiscriminatory reasons for failing to promote Plaintiff.

Another material question remains surrounding the allegation of gender discrimination because at least one man states he was not required to qualify at the range or take the essential functions test prior to returning to duty after having been on FMLA leave. Also, at issue is whether requiring the Plaintiff to qualify on the range before being able to return to work with full pay was an interference of her FMLA leave in violation of the Act.

The Plaintiff argues that another question under FMLA is whether the Defendant considered the Plaintiff's leave time under FMLA and other sick leave that should have been covered by FMLA when deciding whether to promote her. The Defendant argues that this allegation was not raised in the complaint, and therefore, cannot be raised at this late date. The Court does not make a ruling on this question at this time, and reserves the issue for further development at trial.

## CONCLUSION

Therefore, the Defendant's Motion for Summary Judgment is denied.

**IT IS SO ORDERED this 16th  day of November, 2005.**

**James M. Moody**
**United States District Judge**